UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Thomas J. Litterer and Mary L.                    Civ. No. 15-1638 (PAM/HB)
Litterer,

                              Plaintiffs,

v.                                                **MEMORANDUM AND ORDER**

Rushmore Loan Management
Services, LLC, and U.S. Bank, N.A.,

                              Defendants.

---

     This matter is before the Court on Defendants' Motion for Summary Judgment.

For the reasons that follow, the Motion is granted.

## BACKGROUND[1]

     Plaintiffs Thomas and Mary Litterer bought their home in Burnsville in 2004.   (2d

Am. Compl. ¶ 6.)   Thomas Litterer alone executed the mortgage.   (Ostlie Aff. (Docket

No. 9) Exs. 1, 6.) The mortgage, initially executed in favor of MERS, was subsequently

transferred to Wells Fargo in 2009 and then to Defendant U.S. Bank in September 2012.

Although several different loan servicers serviced the loan in the intervening three years,

Defendant Rushmore Loan Management started servicing it in May 2012.

     Plaintiffs stopped paying their mortgage in October 2011, when Thomas Litterer

lost his job.   According to Plaintiffs, they tried repeatedly to get a loan modification, but

the multiple changes in loan servicers made their effort fruitless.   The Second Amended

---

[1] The facts of this matter are more fully set forth in the Court's Order on the motion to
dismiss.   (Docket No. 21.)

Complaint describes in detail Plaintiffs' contacts with the previous loan servicers; those allegations are irrelevant to their claims here.

In June 2012, Plaintiffs requested a loan modification from Rushmore.  (2d Am. Compl. ¶ 22.)   After many telephone calls and delays in receiving a packet from Rushmore, Plaintiffs finally sent a completed modification packet to Rushmore at the end of August 2012.  (Id. ¶ 27.)   Some of the information Plaintiffs sent was incomplete, but Plaintiffs allege that Rushmore had all the information it requested by November 2012. (Id. ¶¶ 28-30.)

In November 2012, a Rushmore representative offered Plaintiffs a repayment plan. (Id. ¶ 31.)   Plaintiffs contend that they made payments pursuant to this repayment plan from December 2012 until March 2013.   (Id. ¶¶ 32-34.)   In February 2013, however, both Plaintiffs were involved in separate car accidents.   (Id. ¶ 33.)   They informed Rushmore that these accidents might affect their ability to make payments on their mortgage, and they made partial payments in March 2013.   (Id. ¶¶ 33-34.)

During the summer of 2013, Plaintiffs contend that they continued to try to contact Rushmore in an attempt to get a new loan modification.   But the representative with whom they had been working was reassigned, and their new representative's phone was disconnected.  (Id. ¶¶ 37-43.)   Plaintiffs submitted a loan modification packet in July 2013.   (Id. ¶ 44.)   According to Rushmore, this modification application was incomplete. Plaintiffs allege that they submitted all requested documents but Rushmore insisted that it needed more information.   (Id. ¶¶ 48-56.)   In January 2014, Rushmore denied Plaintiffs'

request for a loan modification.   (Id. ¶ 57.)

In preparation for a foreclosure by advertisement, Rushmore recorded a notice of pendency and power of attorney in Dakota County on May 6, 2014, and Plaintiffs were served with the foreclosure documents on May 14, 2014.   (Ostlie Aff. Ex. 4.)   Plaintiffs successfully postponed the June 2014 sheriff's sale under Minn. Stat. § 580.07.   (2d Am. Compl. ¶ 62.)   However, they were unable to find additional financing, and the sheriff's sale took place on in November 2014.   (Id. ¶ 63.)   Because of the § 580.07 postponement, Plaintiffs' redemption period was only five weeks, until December 31, 2014.   On that date, Plaintiffs filed for bankruptcy protection, which extended the redemption period an additional 60 days, until March 1, 2015.   (Id. ¶ 64.)   They filed this lawsuit in state court on March 2, 2015, and Defendants timely removed it to this Court.

The Second Amended Complaint has four counts:   breach of contract, injunctive relief, unjust enrichment, and a claim under Minnesota's anti-dual-tracking statute, Minn. Stat. § 582.043.   However, Plaintiffs did not oppose Defendants' motion to dismiss with respect to their first three claims, and they similarly do not address these counts in their opposition to the Motion for Summary Judgment.   Thus, the only claim at issue is a claim for a violation of Minnesota's anti-dual-tracking statute.

**DISCUSSION**

**A.     Legal Standards**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(a). The

Court must view the evidence and inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party.   Enter. Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.   Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Enter. Bank, 92 F.3d at 747.   A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial.   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

Minnesota law contains strict requirements regarding foreclosure and "loss mitigation" procedures.   Plaintiffs argue that Defendants violated the statutory requirements in several ways:   by failing to fully evaluate their loan modification application before referring the mortgage for foreclosure, Minn. Stat. § 582.043, subd. 5(3); by referring their mortgage for foreclosure while their loss mitigation/loan modification application was pending, id. subd. 6; by failing to "exercise reasonable diligence in obtaining documents and information from [Plaintiffs] to complete their loss mitigation application," id. subd. 5(2); by failing to "timely offer [Plaintiffs] a loan modification," id. subd. 5(4); and by failing to "comply with any applicable appeal period and procedures applicable to the specific loss mitigation option."   Id. subd. 5(5)

Defendants' challenge to Plaintiffs' claims is two-fold.   First, they contend that Plaintiffs' failure to comply with the statutory requisites for bringing a private action under

4

§ 582.043 means that Defendants are entitled to a conclusive presumption that they complied with all of the requirements of § 582.043. In the alternative, they argue that Plaintiffs' claim fails on the merits.

**B.      Notice of Lis Pendens**

To bring a lawsuit under § 582.043, "[a] lis pendens must be recorded prior to the expiration of the mortgagor's applicable redemption period . . . ." Id. subd. 7(b).   "The failure to record the lis pendens creates a conclusive presumption that the servicer has complied" with its obligations under § 582.043.   Id.   As discussed, Plaintiffs' redemption period expired on March 1, 2015.   They did not record a notice of lis pendens until May 6, 2015.

Plaintiffs contend that the Court previously determined that they were entitled to claim excusable neglect with respect to their obligation to record a notice of lis pendens. But the Court's holding was that Plaintiffs' "contentions regarding excusable neglect are plausible, and now that they have the assistance of counsel, justice requires that they be allowed to re-plead to fully assert their claims in this regard."   (Order (Docket No. 21) at 6.)   The Court did not determine that excusable neglect provides a defense to the lis pendens requirement or that Plaintiffs had succeeded in establishing excusable neglect. Indeed, Plaintiffs did not attempt to establish excusable neglect in their original Complaint because they did not raise a claim under § 582.043 in that pleading.   Defendants are not barred from arguing a lack of excusable neglect here.

Defendants argue that the statute's use of the word "must" in the lis pendens requirement shows that the legislature intended the requirement to be akin to a statute of limitations or other mandatory requirement.   Because the statute says that borrowers "must" record a notice of lis pendens, Defendants contend that there is no excusable neglect defense to the recording of a lis pendens.

Plaintiffs counter that the lis pendens requirement is procedural, not substantive, and that procedural requirements in other statutes that use similar mandatory language have been found to be subject to an excusable neglect defense.   In particular, Plaintiffs point to the expert-affidavit requirements of Minn. Stat. §§ 544.42 and 145.682.   These statutes require that a party alleging medical or other professional malpractice "must" serve an affidavit of expert review on their opponent either with the pleadings or within 180 days of the commencement of discovery.   E.g., Minn. Stat. § 544.42, subd. 2. Despite this mandatory language, the Minnesota Supreme Court has determined that the expert-affidavit requirement is subject to an excusable-neglect defense.   See Stern v. Dill, 442 N.W.2d 322, 324 (Minn. 1989).

Stern v. Dill is not as helpful as Plaintiffs believe, however.   In that case, Justice Simonett noted that a malpractice plaintiff's cause of action is a common-law cause of action for negligence.   Id.   And "[w]hile section 145.682 imposes additional requirements on plaintiff before she can enforce her claim, it does not change her basic right to sue for negligence."   Id.   Thus, a common-law doctrine such as excusable neglect is available to modify the statute's procedural requirements, and indeed the statute itself

6

provides for exception to the statutory 180-day period on a showing of good cause.   See, e.g., Minn. Stat. § 145.682, subd. 4(b).   Here, on the other hand, there is no common-law right to sue a mortgage servicer for failure to comply with a statute, nor is there any good-cause exception to the statutory prerequisites for such a suit.   Thus, whether a court can excuse a failure to comply with what the statute says a borrower "must" do before bringing a suit under § 582.043 is an open question.

Defendants note the similarity between the dual-tracking statute's lis pendens requirement and Minnesota's requirements for filing actions such as mechanic's liens, attorney's fee liens, and the like.   Those statutes, like this one, require the recording of notice of lis pendens within a certain amount of time—the mechanic's lien statute, for example, requires that a lis pendens be recorded within one year after the lien could be asserted.   Minn. Stat. § 514.12, subd. 3.   Failure to record a lis pendens within that period means that the lien may not be enforced.   Mavco, Inc. v. Eggink, 739 N.W.2d 148, 155 (Minn. 2007).   The Minnesota Supreme Court has noted that the lis pendens requirement is a requirement for the creation of a lien action and must be strictly construed.   Ryan Contracting, Inc. v. JAG Investments, Inc., 634 N.W.2d 176, 183-84 (Minn. 2001), overruled in part on other grounds by Mavco, 739 N.W.2d at 157.   Defendants argue that the lis pendens requirement in § 582.043 is similarly a requirement for the creation of an action against a mortgage servicer and must be strictly construed.

The Court agrees.   Prerequisites for statutory causes of action regarding real property must be strictly construed, because real property buyers and sellers require

7

certainty in those transactions.   See, e.g., S.M. Hentges & Sons, Inc. v. Mensing, 777 N.W.2d 228, 230 (Minn. 2010) (noting that mechanic's liens, which provide claimants a lien or security interest on real property, are strictly construed).   The recording of a lis pendens is a requirement for bringing a cause of action to stop the foreclosure of real property, and that requirement must be strictly complied with.   The failure to record the lis pendens is fatal to Plaintiffs' claim, and therefore even if Plaintiffs could establish excusable neglect, it would not excuse their failure to comply with the statute's requirements.

**CONCLUSION**

The recording of a lis pendens is a requirement for bringing a cause of action under Minn. Stat. § 582.043.   Plaintiffs failure to record a lis pendens within the time the statute requires means that their claim for a violation of the statute fails.

Accordingly, **IT IS HEREBY ORDERED that**:

1.   Defendants' Motion for Summary Judgment (Docket No. 61) is **GRANTED**; and

2.   The Second Amended Complaint (Docket No. 37) is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   June 2, 2016

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge

8